FILED

2008 Jul-30  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

Loraine Cummings,

     Plaintiff,

v.                                    CV-07-J-0972-M

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

     Defendant.

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her supplemental security income benefits.  The case is now properly before this court.  *See* 42 U.S.C. § 405(g).  The plaintiff alleges that she has been unable to work since January 29, 2002, due to multiple impairments including pain in her neck, back, legs, hands and stomach, migraine headaches, depression and anxiety  (R. 50, 439, 444, 446, 451-52).  The plaintiff was born on April 5, 1962, and has a ninth grade education (R. 50, 439).  The plaintiff does not have a general equivalency degree (R. 439).  The plaintiff most recently worked for a cleaning service, whom she worked for "off and on" for ten years (R. 463).

1

Prior to working for the cleaning service, the plaintiff worked as a packer in an assembly plant (R. 463).

The ALJ found that the plaintiff had the severe impairments of hypertension, gastroesophageal reflux disease, sensorineural hearing loss, overactive bladder, subjective complaints of neck, back, leg, and hand pain, and depressive disorder, nos. (R. 25). The ALJ found that the plaintiff did not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 25). The ALJ then concluded that the plaintiff was capable of performing work at the light exertional level which allows for no more than occasional bending, stooping, squatting, climbing, pushing, or pulling of her upper and lower extremities (R. 25). Although the plaintiff could not return to her previous work, the ALJ held that the plaintiff was not disabled because there were jobs available in significant numbers in the national economy that the plaintiff was capable of performing (R. 25).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The sole issue before the court is whether the decision of the Commissioner is supported by substantial evidence and based upon proper legal standards. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court may not decide facts anew, reweigh evidence, or substitute its judgment for that of the

Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not yield automatic affirmance, for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine [the] reasonableness of the decision reached." *Lamb*, 847 F.2d at 701 (quoting *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The plaintiff asserts that the ALJ's decision is due to be reversed because the ALJ erred by (1) failing to provide adequate reasons for finding the plaintiff's subjective complaints of disabling pain and other limitations not fully credible and (2) by failing to properly discount the opinion of Dr. Jon G. Rogers, a psychologist who performed a consultative evaluation of the plaintiff.

To establish a credible claim of pain, the plaintiff must present (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  After reviewing the evidence, the ALJ found that the plaintiff had presented evidence of an underlying medical condition, but that she had not met either of the two remaining prongs (R.

3

23).  The court finds that the ALJ's conclusion that the plaintiff's subjective

complaints of disabling pain are not fully credible is supported by substantial

evidence.  Specifically, none of the plaintiff's physicians found that she was

disabled and, despite extensive testing, expressed that they could not find a cause

for the plaintiff's numerous allegations of pain (*See e.g.*, R. 123, 195-200, 365-66,

428).

　　　The second argument raised by the plaintiff is likewise without merit

because the ALJ's opinion demonstrates that he properly considered Dr. Rogers'

opinion and provided legitimate reasons for according it no significant weight (R.

22-23).  The ALJ discounted Dr. Rogers' opinion because his conclusions were

inconsistent with the body of the report and because the plaintiff had failed to seek

treatment for her alleged "severe" depression and anxiety (R. 23).  The court finds

that these were proper reasons for discounting Dr. Rogers' opinion.  *See* 20 C.F.R.

§ 404.1527(d).

　　　Based upon the court's evaluation of the evidence submitted to and adduced

at the hearing before the ALJ and considered by him and the Appeals Council, the

court is satisfied that the decision of the ALJ is based upon substantial evidence

and that the ALJ applied the correct legal standards.  Without  substituting its

judgment for that of the Commissioner, this court can find no basis upon which to

4

reverse the decision of the ALJ.  *See Bloodsworth*, 703 F.2d at 1239.

Accordingly, the decision of the Commissioner of the Social Security

Administration is due to be **AFFIRMED**.

      **DONE** and **ORDERED**, this the 30th day of July 2008.

                _____

                INGE PRYTZ JOHNSON
                U.S. DISTRICT JUDGE